


JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
ECO FARMS AVOCADOS, INC.

## DEFENDANTS
LA NORTENA TORTILLA FACTORY, MANUEL TORRES, AND MARIA TORRES

**(b)** County of Residence of First Listed Plaintiff: Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Mateo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence H. Meuers
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109
Tel: (239) 513-9191

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| | **PERSONAL PROPERTY** | 690 Other | | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | | | 810 Selective Service |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ Exchange |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 890 Other Statutory Actions |
| 196 Franchise | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | [x] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 790 Other Labor Litigation | | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | **PRISONER PETITIONS** | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 510 Motions to Vacate Sentence Habeas Corpus: | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 530 General | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 535 Death Penalty | | |
| | 440 Other Civil Rights | 540 Mandamus & Other | | |
| | | 550 Civil Rights | **IMMIGRATION** | |
| | | 555 Prison Condition | 462 Naturalization Application | |
| | | | 463 Habeas Corpus – Alien Detainee | |
| | | | 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. 499e(c)(5)

Brief description of cause:
Enforcement of the Perishable Agricultural Commodities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 11,616.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: 2/29/08

SIGNATURE OF ATTORNEY OF RECORD: Lawrence H. Meuers

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ECO FARMS AVOCADOS, INC., a California corporation,

    Plaintiff,

vs.

LA NORTENA TORTILLA FACTORY, a California partnership; MANUEL TORRES, an individual; and MARIA TORRES, an individual,

    **Defendants.**

Case No.: CV 08 1246 BZ

**CIVIL ACTION COMPLAINT**

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1. Plaintiff is Eco Farms Avocados, Inc. ("Eco Farms"), a California corporation with its principal place of business located at 28790 Las Haciendas, Temecula, California.

2. Eco Farms is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

    a. La Nortena Tortilla Factory ("La Nortena"). Upon information and belief, La Nortena is a California partnership with its principal place of business at 1037 N. Amphlett Blvd., San Mateo, California.

Civil Action Complaint      Page 1

b. Manuel Torres ("Manuel"), an individual. Upon information and belief, Manuel is a partner of La Nortena, and in that capacity, controlled or was in a position to control the assets of La Nortena. Upon information and belief, Manuel is a resident of San Mateo, California.

c. Maria Torres ("Maria"), an individual. Upon information and belief, Maria is a partner of La Nortena, and in that capacity, controlled or was in a position to control the assets of La Nortena. Upon information and belief, Maria is a resident of San Mateo, California.

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(4) (the "PACA"), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

5. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT LA NORTENA

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

***7 U.S.C. § §499e(c)(3) and (4)***

6. Plaintiff re-alleges paragraphs 1 through 5.

7. At all times relevant to this action, La Nortena was a

1 commission merchant, dealer or broker operating subject to the provisions
2 of PACA.

3     8.    On August 16, 2006 and August 30, 2006, Plaintiff sold to La
4 Nortena in interstate commerce, and La Nortena purchased from Plaintiff,
5 Produce in the total amount of $11,616.00.

6     9.    Plaintiff delivered the Produce to La Nortena and La Nortena
7 accepted the Produce from Plaintiff.

8     10.    Pursuant to PACA, 7 U.S.C. §499e(c), at the time of La
9 Nortena's receipt of the Produce, La Nortena became trustee of the PACA
10 trust for the benefit of Plaintiff in the amount of $11,616.00. The PACA
11 trust consists of all La Nortena's Produce, food or products derived from
12 Produce ("Products"), accounts receivable and other proceeds of the sale
13 of Produce or Products, and assets commingled or purchased or otherwise
14 acquired with proceeds of such Produce or Products (assets subject to the
15 PACA Trust are hereinafter referred to as "PACA Trust Assets").

16     11.    Plaintiff gave written notice of intent to preserve trust benefits
17 to La Nortena in accordance with PACA Amendments of 1995 by
18 including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4),
19 on each of its invoices and by sending those invoices to La Nortena.

20     12.    La Nortena failed to pay for the Produce despite Plaintiff's
21 repeated demands.

22     13.    Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid
23 supplier and seller of Produce, and is entitled to PACA trust protection
24 and payment from La Nortena's PACA Trust Assets.

25     14.    Plaintiff seeks the entry of an Order declaring that it is a PACA
26 trust beneficiary of La Nortena with a valid PACA trust claim in the
27 amount of $11,616.00, plus interest from the date each invoice became past
28 due, costs and attorneys' fees.

## COUNT II

## DEFENDANT LA NORTENA

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

*7 U.S.C. §499e(c)(5)*

15. Plaintiff re-alleges paragraphs 1 through 14.

16. La Nortena is in possession, custody, and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17. La Nortena failed to pay Plaintiff for the shipments of Produce listed above at paragraph 8 from the PACA Trust Assets.

18. As a direct result of La Nortena's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

19. Plaintiff seeks the entry of an Order directing La Nortena to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT LA NORTENA

### VIOLATION OF PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

20. Plaintiff re-alleges paragraphs 1 through 19.

21. La Nortena received each of the shipments of Produce identified in paragraph 8.

22. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

23. PACA requires La Nortena, as a PACA trustee, to hold its

1  PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid
2  suppliers of Produce until all such suppliers have received full payment.

3  24. La Nortena has failed to maintain sufficient trust assets to fully
4  satisfy all qualified PACA trust claims, including Plaintiff's asserted
5  herein.

6  25. As a direct result of La Nortena's failure to properly maintain
7  and protect the PACA Trust Assets from dissipation, Plaintiff has suffered
8  damages which are covered under the PACA trust in the amount of
9  $11,616.00, plus interest from the date each invoice became past due, costs
10 and attorneys' fees.

11 26. Plaintiff seeks entry of an Order creating a common fund from
12 which all PACA trust beneficiaries may be paid by directing La Nortena to
13 maintain PACA Trust Assets equal to the sum of $11,616.00, plus the
14 claims of all other unpaid suppliers of produce that properly preserved
15 their PACA trust claims, directing La Nortena to replenish the PACA trust
16 to a level sufficient to satisfy all qualified PACA trust claims, and
17 enjoining La Nortena from dissipating PACA Trust Assets.

<div style="text-align:center">

**COUNT IV**

**DEFENDANT LA NORTENA**

**<u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>**

*7 U.S.C. §499b(4)*

</div>

22 27. Plaintiff re-alleges paragraphs 1 through 26.

23 28. La Nortena received each of the shipments of Produce
24 identified in paragraph 8.

25 29. PACA requires all commission merchants, dealers, or brokers
26 to make full payment promptly to its unpaid suppliers of Produce within
27 the time set forth by 7 C.F.R. §46.2(aa).

28 30. La Nortena failed to pay these invoices within the payment

terms.

31. As a direct result of La Nortena's failure to pay each invoice within terms, Plaintiff has incurred damages in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

32. Plaintiff seeks entry of an Order directing La Nortena to immediately pay Plaintiff the sum of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V
## DEFENDANT LA NORTENA
## BREACH OF CONTRACT

33. Plaintiff re-alleges paragraphs 1 through 32.

34. Plaintiff and La Nortena entered into contracts under which Plaintiff agreed to sell the Produce and La Nortena agreed to purchase the Produce, each of which is described in paragraph 8.

35. La Nortena breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

36. As a direct result of La Nortena's breach of contract, Plaintiff has incurred damages in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

37. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against La Nortena in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI
## PRINCIPALS – MANUEL AND MARIA
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

38. Plaintiff re-alleges paragraphs 1 through 37.

39. At all times relevant to this action, Manuel and Maria were

officers, directors, shareholders or employees (the "Principals") of La Nortena.

40. As the Principals of La Nortena, Principals each had a duty to ensure that La Nortena fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

41. Principals had full knowledge and responsibility for the handling of La Nortena's duties as trustee of the PACA trust.

42. Principals controlled or had a duty to control La Nortena's operations and financial dealings, including those involving the PACA Trust Assets.

43. La Nortena breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

44. Principals breached their respective fiduciary duties to direct La Nortena to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to La Nortena.

45. As a direct result of Principals' respective breaches of fiduciary duty, Plaintiff has incurred damages in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

46. Principals are personally liable to Plaintiff for their respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

47. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

### COUNT VII

### PRINCIPALS - MANUEL AND MARIA

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

48. Plaintiff re-alleges paragraphs 1 through 47.

49. Upon information and belief, La Nortena transferred PACA Trust Assets to Principals.

50. These transfers of PACA Trust Assets were made in breach of the PACA trust.

51. The Principals continue to hold any and all PACA Trust Assets having come into their possession as trustees for Plaintiff's beneficial interest in the PACA trust.

52. As a direct result of the Principals' receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

53. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $11,616.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA trust beneficiary of La Nortena with a valid PACA trust claim in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

B) As to Count II, directing La Nortena to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

C) As to Count III, directing La Nortena to maintain PACA Trust Assets equal to the sum of $11,616.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, enjoining La Nortena from dissipating PACA Trust Assets and directing La Nortena to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D) As to Count IV, directing La Nortena to immediately pay Plaintiff the sum of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

E) Enter Final Judgment in favor of Plaintiff and against La Nortena on Counts I through V, in the amount of $11,616.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

F) As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $11,616.00, plus interest from the date each invoice became

|   |   |   |
|---|---|---|
| 1 | | past due, costs and attorneys' fees, less any monies Plaintiff |
| 2 | | receives from the PACA Trust Assets; |
| 3 | G) | As to Count VII, requiring the Principals to disgorge and |
| 4 | | transfer any and all PACA Trust Assets that came into their |
| 5 | | possession and control to Plaintiff in the amount of $11,616.00, |
| 6 | | plus interest from the date each invoice became past due, |
| 7 | | costs, attorneys' fees, and punitive damages to be determined |
| 8 | | by the trier of fact, less any monies Plaintiff receives from the |
| 9 | | PACA Trust Assets; and |
| 10 | H) | Providing such other and further relief as the Court deems |
| 11 | | appropriate upon consideration of this matter. |

Respectfully submitted on this 29th day of February, 2008.

**MEUERS LAW FIRM, P.L.**

By: *Lawrence H. Meuers*
Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff